WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Castaneda et al., ) | No. CV07-00129-PCT-NVW |
| Plaintiffs, ) | **ORDER** |
| vs. ) | |
| City of Williams et al., ) | |
| Defendants. ) | |

The court has considered Defendant City of Williams' Motion To Dismiss (doc. # 17), Plaintiffs' Response (doc. # 22), and the Reply (doc # 26).

Plaintiffs commenced this action in the Coconino County Superior Court on December 12, 2006. (Doc. # 1 Ex. 1.) The case was removed on January 11, 2007. (*Id*; doc. # 11.) In this Motion, Defendant City of Williams ("City") assails the legal sufficiency of Plaintiffs' federal and state-law claims.[1] The parties are familiar with the factual background of this case, which will not be rehearsed here. The City's Motion will be denied for the reasons set forth below.

**I.     Legal Standard**

A claim must be supported by "a short and plain statement" with enough heft to "show that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule is designed to "give

---

[1] Plaintiffs have withdrawn the count of perjury (doc. # 22 at 14), and have stipulated that they will not pursue punitive damages against the City of Williams (*id*. at 14). These aspects of Defendant's Motion will be granted. (Doc. # 17 at 2.)

1 the defendant fair notice of what the . . . claim is and the grounds upon which it resets."
2 *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  To survive a motion to dismiss for failure to state
3 a claim upon which relief can be granted, "factual allegations must be enough to raise a right
4 to relief above the speculative level, on the assumption that all the allegations in the
5 complaint are true even if doubtful in fact." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955,
6 1965 (2007) (citations and internal quotations omitted).  "While a complaint attacked by a
7 Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's
8 obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and
9 conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id*.
10 at 1964 (citations and internal quotations omitted). "[O]nce a claim has been stated
11 adequately, it may be supported by showing any set of facts consistent with the allegations
12 in the complaint."  *Id*. at 1968 (abrogating a literal reading of *Conley*, 355 U.S. at 45-46).
13 Dismissal is appropriate under Rule 12(b)(6) if the facts alleged do not state a claim that is
14 "plausible on its face."  *Id*. at 1973.  When assessing the sufficiency of the complaint, all
15 factual allegations are taken as true and construed in the light most favorable to the
16 nonmoving party, *Iolab Corp. v. Seaboard Sur. Co.*, 15 F.3d 1500, 1504 (9th Cir. 1994), and
17 all reasonable inferences are to be drawn in favor of that party as well.  *Jacobsen v. Hughes*
18 *Aircraft*, 105 F.3d 1288, 1296 (9th Cir. 1997).

19 **II.    Plaintiffs' Section 1983 Claim Was Timely**

20 Plaintiffs' federal right of action under 42 U.S.C. § 1983 against the City of Williams
21 accrued, at the earliest, on April 18, 2005, when Defendant Jason Moore first issued a
22 citation to Plaintiff Steven Castaneda for "Exhibition of Speed."  (Doc. # 14 at 3); *see Kimes*
23 *v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996) (a federal claim accrues when the plaintiff
24 knows or has reason to know of the injury which is the basis of the action).  Plaintiffs
25 initiated this action on December 12, 2006, well within the two-year limitations period for
26 section 1983 claims in this State.  *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).

1 **III.     Prima Facie Case for Causation under Section 1983**

2      The City contends that Plaintiffs have "not alleged a prima facie case for municipal 3 liability" under section 1983 "because they fail[ed] to allege that the unconstitutional 4 municipal practice . . . was the moving force behind the alleged constitutional violation." 5 (Doc. # 26 at 3.)  This argument lacks merit.

6      "In this circuit, a claim of municipal liability under section 1983 is sufficient to 7 withstand a motion to dismiss even if the claim is based on nothing more than a bare 8 allegation that the individual officers' conduct conformed to official policy, custom, or 9 practice." *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002) (citation 10 and internal quotations omitted).  A section 1983 plaintiff must also allege that the 11 challenged policy, custom, or practice was the cause in fact and the proximate cause of the 12 constitutional deprivation.  *Trevino v.* Gates, 99 F.3d 911, 918 (9th Cir. 1996) (discussing 13 section 1983 causation requirements in a summary judgment posture).

14      Plaintiffs have satisfied these minimum pleading requirements.  The First Amended 15 Complaint identifies the offensive policy, custom, or practice, "The City of Williams . . . 16 tolerated misconduct of its police officers, and encouraged misconduct by failing to 17 adequately supervise, discipline or train [its] police officers," and it further suggests that 18 Defendant Moore's offensive conduct conformed to this policy. (Doc. # 14 at 9.)  Plaintiffs 19 next allege that the City of Williams' "exercise of these established policies and customs . 20 . . violated Plaintiffs'  . . . clearly established rights under the United States Constitution 21 against unreasonable searches and seizures of [their] person . . . home and property." (*Id*. at 22 9.)  The necessary inference of causation between the polices and customs of the City of 23 Williams and the constitutional injuries sustained by Plaintiffs is supplied by the portions of 24 the pleadings quoted above. The operative Complaint contains "enough factual matter (taken 25 as true) to suggest" that Plaintiffs suffered actionable constitutional deprivations as a result 26 of the City of Williams' official policy, custom, or practice of failing to adequately supervise, 27 discipline or train its police officers.  *Twombly*, 127 S. Ct. at 1964; *see Monell v. Dep't of* 28 *Soc. Serv.*, 436 U.S. 658, 691 (1978).    Therefore, Plaintiffs have "nudged their [section

1983] claims across the line from conceivable to plausible," and this is all that is required from them at this time. *Twombly*, 127 S. Ct. at 1973; *cf. Huffman v. County of Los Angeles*, 147 F.3d 1054, 1059 (9th Cir. 1998) (testing sufficiency of the evidence of causal connection between official policy and alleged constitutional violation in a section 1983 municipal liability case).

**IV.   State-Law Recovery against the City is Limited to a One-Year Limitations Period**

Counts six through 10 of the First Amended Complaint seek relief against the City on state-law grounds. (Doc. # 14 at 11-12.) These claims are subject to a one-year limitations period. A.R.S. § 12-821 ("All actions against any public entity or public employee shall be brought within one year after the cause of action accrues and not afterwards."); A.R.S. § 12-821.01(B) ("[A] cause of action accrues when the damaged party realizes he or she has been damaged and knows or reasonably should knows the cause, source, act, event, instrumentality or condition which caused or contributed to the damage); *see Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Am.*, 182 Ariz. 586, 588, 898 P.2d 964, 966 (1995).

Plaintiffs may not assert any state-law theory of liability against the City of Williams that accrued more than one year before the filing of this action on December 12, 2006. However, the "gravamen" of Plaintiffs' Complaint relates to events occurring on or after December 15, 2005. (Doc. # 22 at 14.) For example, the state-law claims of Ray and Debra Castaneda accrued on December 15, 2005, when their residence was searched and their property and persons were seized. (*Id.* at 14.) Plaintiff Steven Castaneda specifically "concede[s] that with respect to [his] state law claims only, [he is] precluded from seeking damages for any event prior to December 11, 2005." (*Id.* at 14.) Plaintiffs' state-law claims were timely filed on December 12, 2006, "within one year after the cause of action accrue[d]." A.R.S. § 12-821.

## V. Plaintiffs' Notice of Filing Was Sufficient

### A. The Statutory Requirements

Defendant City of Williams finally urges the court to dismiss all state-law claims for failure to comply with Arizona's notice of claim statute, A.R.S. § 12-821.01(A). (Doc. # 17 at 8-10.) To maintain an action against a public entity or a public employee in Arizona, a putative litigant must first file a claim with persons authorized to accept service for the public entity or employee within 180 days of the accrual of that litigant's cause of action. A.R.S. § 12-821.01(A). "The claim shall contain facts sufficient to permit the public entity or public employee to understand the basis upon which liability is claimed." A.R.S. § 12-821.01(A). The statute also requires the putative litigant to include "a specific amount for which the claim can be settled and the *facts supporting that amount*" in his notice of claim. A.R.S. § 12-821.01(A) (emphasis added).

### B. The *Houser* Decision

In *Deer Valley Unified Sch. Dist. No. 97 v. Houser*, 214 Ariz. 293, 299, 152 P.3d 490, 496 (2007), the Arizona Supreme Court determined that the notice of claim statute must be strictly construed. Section 12-821.01(A) "clearly" and "unequivocally" defines "the specific requirements that must be met for a claimant to file a valid claim with a government entity." 214 Ariz. at 299, 152 P.3d at 496 (surveying legislative history). The *Houser* court dismissed the plaintiff's state-law cause of action for failure to include a sum specific in the claim letter. However, in the course of its decision, the court observed that the plaintiff also failed to "provide [*any*] facts supporting the amount claimed." *Id.* at 297 n. 3, 152 P.3d at 494 n.3 (emphasis in original).

To satisfy the literal terms of the statute, claimants must "explain the amounts identified in the claim by providing the government entity with a factual foundation to permit the entity to evaluate the amount claimed." *Houser*, 214 Ariz. at 296, 152 P.3d at 493. This statutory "requirement ensures that claimants will not demand unfounded amounts that constitute quick unrealistic exaggerated demands." *Id.* at 296, 152 P.3d at 493 (citation and internal quotations omitted). "Compliance with this statute is not difficult; the statute does

- 5 -

1 not require that claimants reveal the amount they will demand at trial if litigation ensues."
2 *Id.* at 296, 152 P.3d at 493. *Houser* enforces the clear and unequivocal intent of the Arizona
3 legislature. It does not work a "sea change" in the applicable law as Plaintiffs mistakenly
4 contend. *Simmons v. Navajo County*, 2007 WL 1200940 (D. Ariz. 2007); (doc. # 22 at 10-
5 12).

### C.    Plaintiffs' Notice of Claim

Plaintiffs' former counsel submitted a notice of claim letter to the City of Williams on June 8, 2006. (Doc. # 17 Ex. A.) The letter was filed "within 180 days of the accrual" of the state-law causes of action relating to the events of December 15, 2005. The notice of claim contains "facts sufficient to permit the [City of Williams] to understand the basis upon which liability is claimed." A.R.S. § 12-821.01(A); (Doc. # 17 Ex. A at 2 (discussing execution of search warrant at Plaintiffs' residence and false arrest of Steven Castaneda).) The letter includes "a specific amount for which the claim can be settled," $50,000, and it contains *some* "facts supporting that amount," i.e., "Ray Castaneda experienced difficulty in breathing due to the physical and emotional distress of his home being searched and was transported to and treated at the Flagstaff Medical Center." A.R.S. § 12-821.01(A); (doc. # 17 Ex. A at 2).

Plaintiffs provided the City with information, however sparse, about the nature and the extent of Ray Castaneda's "physical and emotional" injuries. This factual foundation satisfies the literal requirements of the statute because it permitted the City "to evaluate the amount claimed." *Houser*, 214 Ariz. at 296, 152 P.3d at 493. A full account of all the injuries claimed by each plaintiff is not required. *Houser*'s footnote three, which faults the plaintiff for failing to "provide *any* facts supporting the claimed amounts," has no application here." *Id.* at 297 n. 3, 152 P.3d at 494 n.3 (emphasis in original); *see Florian v. Perkinson*, 2007 WL 1317263 (D. Ariz. 2007).

The June 8, 2006 notice of claim letter did not identify every theory of common law liability ultimately asserted by Plaintiffs in their First Amended Complaint. However, as the City itself concedes, the June 8, 2006 letter does not limit Plaintiffs to the legal theories

- 6 -

1  identified therein. (Doc. # 26 at 10.) Section 12-821.01(A) makes factual disclosure, not
2  artful pleading, a precondition to suit. The claim letter is not a prelude to substantive legal
3  briefing but is rather a tool to be used by public entities to "investigate and assess liability,"
4  facilitate "the possibility of settlement prior to litigation," and assist "in financial planning
5  and budgeting." *Houser*, 214 Ariz. at 294, 152 P.3d at 491 (citation and internal quotations
6  omitted). Plaintiffs' notice of claim contained "facts sufficient to permit the [City of
7  Williams] to understand the basis upon which liability [for the events of December 15, 2005]
8  is claimed." A.R.S. § 12-821.01(A). It follows that Plaintiffs may prosecute any and all
9  claims arising out of the operative facts identified by them, including malicious prosecution.
10  IT IS THEREFORE ORDERED that Defendant City of Williams' Motion to Dismiss
11  (Doc. # 17) is granted as to the count of perjury and as to the claim for punitive damages
12  against the City. The Motion is otherwise denied.
13  DATED this 12th day of June 2007.

_____
Neil V. Wake
United States District Judge